UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CHARLES RAE** | : | **DOCKET NO. 2:07-2232**<br>Section P |
| **VS.** | : | **JUDGE DOHERTY** |
| **BUREAU OF IMMIGRATION & CUSTOMS ENFORCEMENT** | : | **MAGISTRATE JUDGE HILL** |

REPORT AND RECOMMENDATION

Currently before the court is a petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241 by petitioner, Charles Rae. By this petition, the petitioner challenges his detention in post-removal order custody. He alleges that he has been under a final order of removal since May 3, 2007 and that the ICE has been unable to remove him to his native country, Trinidad. Therefore, petitioner apparently seeks his release from custody under an order of supervision. The government has filed an answer and memorandum in opposition to the petition. [rec. doc. 8]. This matter was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

FACTUAL SUMMARY

Petitioner is a native and citizen of Trinidad who was permitted entry into the United States on October 22, 1972. [rec. doc. 1-3, Government Exhibits 1 and 2].

On June 9, 1988, petitioner was convicted by a New York state court of criminal sale of marijuana; on March 31, 2004, petitioner was convicted by a New York state court

of endangering the welfare of a child.  Based upon his criminal convictions, the immigration officials issued a Notice to Appear dated September 28, 2005, charging petitioner as an alien who is removable from the United States because he had been convicted of a crime of domestic violence, a controlled substance violation and an aggravated felony. [*Id.* at Government Exhibit 3].  The Notice to Appear was amended on January 31, 2006 and again on March 2, 2006 to allege additional grounds for petitioner's removal from the United States.  [*Id.* at Government Exhibits 7 and 8].

On August 24, 2006, following a hearing before an immigration judge, petitioner was ordered removed to Trinidad. His application for withholding of removal was denied. [*Id.* at Government Exhibit 9 and 10].  Petitioner filed a timely appeal with the BIA. On December 6, 2006, the BIA dismissed the appeal.  [*Id.* at Government Exhibit 11].

Petitioner then filed a petition for review with the Second Circuit on December 26, 2006. *Charles Rae Curtis v. Alberto Gonzalez,* 06-5847 (2nd Cir.2006), court exhibit "A". Petitioner also sought to stay his removal from the United States,  filing a motion to stay his removal along with his petition. *Id*. Pursuant to the custom and policy of the Second Circuit, petitioner's removal was temporarily stayed. *See Id.*, Order filed 4-6-07.

Following the BIA's decision on December 13, 2006, the USICE requested a travel document for petitioner from Trinidad.  [Government Exhibit 12].  However, because petitioner had filed a petition for review in the Second Circuit in which he requested a stay of his removal, by facsimile dated December 27, 2006, the USICE advised the Consulate General of Trinidad that it was unable to remove petitioner pending judicial review of his

claims. [Government Exhibit 13]. Petitioner's Post Order Custody Review indicates that prior to being advised of petitioner's pending litigation, the Consular General was prepared to issue a travel document for petitioner. [Government Exhibit 17].

On February 15, 2007, ICE issued a Decision to Continue Detention, noting that petitioner was under a court-ordered stay of removal and therefore the ICE was prevented from enforcing petitioner's removal order. [Government Exhibit 18].

On April 6, 2007, the Second Circuit ordered that petitioner's petition for review be transferred to the Fifth Circuit. The transfer order specifically noted that petitioner's removal was stayed and that the stay would remain in effect until the transfer to the Fifth Circuit was completed. See Court Exhibit "A". The petition for review was docketed with the Fifth Circuit on April 13, 2007. *Charles v. Mukasey*, 07-60279 (5th Cir.2007), Court Exhibit "B". That same date, petitioner's motion for stay of removal was docketed for consideration by the court. On June 8, 2007 the Fifth Circuit denied petitioner's motion to stay his removal. *Id*. This case remains pending before the Fifth Circuit.

While his petitions for review were pending in the circuit courts, petitioner filed a Motion to Reopen with the BIA. The BIA denied petitioner's motion on May 3, 2007. [Government Exhibit 19].

On June 6, 2007, ICE advised the Consulate General of Trinidad that although petitioner had a petition for review pending in the Fifth Circuit, his Motion to reopen had been denied by the BIA and no stay of petitioner's removal had been granted. Accordingly,

3

a travel document for petitioner's return to Trinidad was requested. [Government Exhibit 20].

On June 7, 2007, photographs of petitioner were sent to the Consulate General as requested. [Government Exhibit 21]. After confirming that no stay had been issued by the Fifth Circuit, petitioner was scheduled for removal on July 24, 2007. [Government Exhibit 22 and 23]. However, prior to his scheduled departure, on July 9, 2007, the Consulate General advised that she could not issue a travel document for petitioner because of his pending litigation. The Consulate General further advised that if petitioner's review efforts were not successful, a travel document would be forthcoming. [Government Exhibit 27].

On September 5, 2007, ICE issued a Decision to Continue Detention, noting that it was not disputed that petitioner is a citizen of Trinidad, that petitioner had a pending petition for review in the Fifth Circuit and that accordingly the request for a travel document for petitioner's removal would be held in abeyance by the Consulate General of Trinidad pending the outcome of his litigation [Government Exhibit 28].

Petitioner filed the instant petition on December 19, 2007.

## LAW AND ANALYSIS

Because petitioner is under a final order of removal, his detention is governed by § 241 of the Immigration & Nationality Act (INA). *See Byfield v. Ashcroft*, 74 Fed. Appx. 411 (5th Cir. 2003). INA § 241(a)(1)(A) generally provides the Attorney General with 90 days to effect the removal of an alien from the United States after an order of removal.

This period of 90 days is referred to as the "removal period." During the removal period, the alien is subject to mandatory detention. *See* INA § 241(a)(2). Pursuant to the authority of INA § 241(a)(6), the removal period for certain inadmissible or criminal aliens, such as petitioner, can exceed 90 days. In such situations the alien may be detained "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."[1] *Zadvydas v. Davis,* 121 S.Ct. 2491 (2001); *Andrade v. Gonzales,* 459 F.3d 538 (5th cir. 2006). The Supreme Court went on to recognize six months as a presumptively reasonable period of detention following a final order of removal. *Zadvydas*, 121 S.Ct. at 2504.

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut this showing. And for the detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Zadvydas,* 121 S.Ct. 2505. However, this does not mean that a petitioner is automatically entitled to release after the six month period has expired. In *Andrade v. Gonzales,* 459 F.3d 538 (5th Cir. 2006), the Fifth Circuit reiterated that the Supreme Court's holding in

---

[1] In *Zadvydas v. Davis*, 121 S.Ct. 2491 (2001), the United States Supreme Court held that in order for post-removal detention under INA §241(a)(6) to be constitutional, it must be limited "to a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 121 S.Ct. at 2498. *Zadvydas,* 121 S.Ct. 2505.

*Zadvydas* "creates no specific limits on detention", that "'an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future'", and that "[t]he alien bears the initial burden of proof in showing that no such likelihood of removal exists." *Andrade*, 459 F.3d at 543 quoting *Zadvydas*, 121 S.Ct. at 2505.[2] Thus, in order for Petitioner to secure his release from custody, he must demonstrate that he has been detained beyond a period reasonably necessary to bring about his removal from the United States and that there is no significant likelihood of removal in the reasonably foreseeable future. For the reasons set forth below, this initial showing has not been made in this case.

An alien may be detained beyond the 90 day removal period pursuant to the statutory authority of INA § 241(a)(1)(C).[3] This statute provides for the suspension of the removal period whenever an alien acts in a manner to prevent his removal. This statute, like § 241(a)(6), does not contain an express limitation on the length of time that an alien may be detained. However, as the Ninth Circuit has observed, INA § 241(a)(1)(C) does not present the same constitutional concerns raised by INA § 241(a)(6) because "the risk of

---

[2] In *Andrade* the petitioner "offered nothing beyond his conclusory statements suggesting that he [would] not be immediately removed to Cape Verde following the resolution of his appeals," and the Fifth Circuit therefore found his constitutional challenge to his detention to be without merit. *Andrade*, 459 F.3d at 543-544.

[3] **(C) Suspension of period**
The removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal.

indefinite detention that motivated the Supreme Court's statutory interpretation in *Zadvydas* does not exist when an alien is the cause of his own detention." *Pelich v. Immigration and Naturalization Service*, 329 F.3d 1057, 1060 (9th Cir. 2003); *See also Ayigba v. Young*, 2007 WL 2736678, *5 (W.D.La. 2007); *Rosario v. Gonzalez*, 2007 WL 1232207, *5 (W.D.La. 2007); *Amadi v. Young*, 2007 WL 855358, *3 (W.D.La. 2007). Thus, an alien cannot assert a viable constitutional challenge to his indefinite detention when such detention is due to own actions. *Id.* at 1061.

    The above history and the facts before this court establish that petitioner has been in post-removal-order detention for a period greater than six months. However, unlike the detainees in *Zadvydas*, petitioner is responsible for his situation. It is undisputed that petitioner is a citizen of Trinidad. The record establishes that Trinidad is not unwilling to issue a travel document for petitioner, it is merely awaiting petitioner's exhaustion of all judicial remedies before it does so. Thus, on the evidence before this court, the undersigned cannot find that petitioner has established that there is no significant likelihood of removal in the reasonably foreseeable future. Further, while petitioner has a legal right to seek review of his removal order, it is apparent that his continuing litigation in various forums has hampered the ability of ICE to remove petitioner.

    The procedural history recounted above clearly establishes that since petitioner's post-removal order custody began until the current time, petitioner has had petitions for review, and a petition to reopen his removal proceedings pending simultaneously in the BIA

and the federal courts of appeal. Indeed, his petition for review remains pending in the United States Fifth Circuit Court of Appeal. Not only has the pendency of petitioner's litigation affected the ability of the immigration officials to effect his removal, petitioner has been able to avoid removal by requesting stays in the circuit courts and actually obtaining a temporary stay from the Second Circuit. Indeed, petitioner requested and obtained a stay of removal from the Second Circuit at approximately the same time that ICE officials were attempting to obtain a travel document authorizing petitioner's return to Trinidad. Thus, causing those efforts to be discontinued.

Accordingly, this court finds that petitioner's removal period has been tolled under the statutory provision of INA § 241(a)(1)(C) due to his continuing litigation which acts to prevent his removal. *See Pelich, Rosario, Amadi* and *Ayigba supra; See also Powell v. Ashcroft,* 194 F.Supp.2d at 209 (E.D.N.Y. 2002); *Balogun v. INS*, 9 F.3d 347, 351 (5th Cir. 1993); *Dor v. District Director, Immigration and Naturalization Service*, 891 F.2d 997, 1002-03 (2nd Cir. 1989); *Triumph v. Gonzalez,* 07-0774, 2007 WL 3231672, *4 (W.D.La. 2007); *Triumph v. Mukasey*, 07-2117, 2008 WL 660298, *5 (W.D.La. 2008).

Petitioner understands how the system works, is aware of Trinidad's position that no travel document will be issued while petitioner has pending litigation, yet he nevertheless complains of the resulting delay. Under the circumstances presented, the undersigned finds that because petitioner's continuing litigation is the cause of his continued detention, he cannot convincingly argue that there is no significant likelihood of removal in the reasonably

foreseeable future. Once petitioner's legal proceedings are concluded, it is likely that Trinidad will issue a travel document for petitioner and that he can and will be removed to Trinidad.

For the reasons discussed above, this court finds that petitioner has failed to carry his burden demonstrating that there is no likelihood of removal in the reasonably foreseeable future, and that petitioner has hampered the efforts to remove him from the United States and that such actions on his part have tolled the removal period pursuant to INA § 241(a)(1)(C). Accordingly,

IT IS RECOMMENDED that the petition for writ of *habeas corpus* be DENIED and DISMISSED.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED**

**BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lafayette, Louisiana, April 7, 2008.

_____
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE